**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| TEXTRON INC., TEXTRON INNOVATIONS, INC., and TEXTRON E-Z-GO LLC,<br><br>       Plaintiffs,<br><br>       v.<br><br>BC COMPANIES, LLC D/B/A CONQUEST ROXIE CARTS and ROBERT B. CONQUEST<br><br>       Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT**

**COMES NOW** Plaintiffs Textron Inc. ("Textron"), Textron Innovations, Inc. ("TII"), and TEXTRON E-Z-GO LLC ("E-Z-GO"), (collectively "Plaintiffs" or "TEXTRON"), by and through the undersigned counsel, and in support of this Complaint against Defendants BC Companies, LLC d/b/a Conquest Roxie Carts ("BC Companies") and its owner Robert B. Conquest ("Conquest", collectively with BC Companies, "Defendants"), do hereby allege and aver as follows:

**NATURE OF THE ACTION**

1.     This is an action seeking permanent injunctive relief and damages for (1) false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) South Carolina common law trademark infringement; (3) South Carolina common law unfair competition; and (4) unfair trade practices in violation of the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10, *et seq*., all arising from Defendant's unlawful conduct in knowingly and intentionally adopting and using a slogan that is nearly identical and confusingly similar to

TEXTRON's trademark: "BUILT RIGHT. RIGHT HERE." in connection with the same goods, specifically, golf cars, utility vehicles, and personal transportation vehicles, and related services, including displaying the infringing mark at a trade show in South Carolina and through its dealerships in South Carolina.

<table>
<tr><td align="center"><strong>TEXTRON MARK:</strong></td><td align="center"><strong>INFRINGING MARK:</strong></td></tr>
</table>

    

**PARTIES**

2.      Plaintiff Textron Inc. ("Textron") is a corporation duly organized and validly existing under the laws of the state of Delaware with its principal place of business located at 40 Westminster Street, Providence, Rhode Island, 02903.

3.      Plaintiff Textron Innovations, Inc. ("TII") a corporation duly organized and validly existing under the laws of the state of Delaware with its principal place of business located at 40 Westminster Street, Providence, Rhode Island, 02903. TII is the intellectual property holding subsidiary of Textron.

4.      Plaintiff TEXTRON E-Z-GO LLC ("E-Z-GO") is a Delaware limited liability company with its principal place of business located at 1451 Marvin Griffin Road, Augusta, GA 30906. E-Z-GO is a subsidiary or division of Textron.

5.      Upon information and belief, Defendant BC Companies, LLC d/b/a Conquest Carts ("BC Companies") is an Alabama limited liability company with its principal place of business located at 3825 Hwy 59 South, Loxley, Alabama, 36551.

6.      Upon information and belief, Defendant Robert B. Conquest ("Conquest") is an individual residing at 26588 Marina Road, Orange Beach, Alabama, 36561. Conquest is an owner and the manager of Defendant BC Companies. Upon information and belief, Conquest is participating in, directing and controlling the unlawful conduct giving rise to Plaintiffs' claims.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because it arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*. Alternatively, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this action concerns a dispute between citizens from different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.      This Court has jurisdiction over Plaintiffs' claims under the laws of the State of South Carolina based upon principles of supplemental jurisdiction and in accordance with 28 U.S.C. § 1367(a), in that the statutory and common law state claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9.      This Court has *in personam* jurisdiction over Plaintiffs TEXTRON in that it is a corporation and subsidiaries conducting business in this state and in this district and division. Specifically, as South Carolina is known for being a premier golf destination state, Plaintiffs sell their golf cars, utility vehicles, and personal transportation vehicles, and related services through

a series of dealers in South Carolina. E-Z-GO has ten dealers in South Carolina and nearly 200 South Carolina golf courses running E-Z-GO fleets.

10.     This Court has *in personam* jurisdiction over Defendants as they are conducting business in this district and division, purposefully directing their activities toward the State of South Carolina, and are engaged in trademark infringement, false designation of origin, and unfair competition directed at and causing injury to Plaintiffs within this district and division. Specifically, Defendants sell their golf cars, utility vehicles, and personal transportation vehicles through a series of dealers including at least two South Carolina dealers: Topline Carts LLC with an address of 6300 Two Notch Road, Unit B, Columbia, SC 29223; and Carolina Cart Co. with an address of 4375 Bluffton Parkway, Bluffton, SC 29910. Defendants are also engaged in willful trademark infringement, false designation of origin, and unfair competition by displaying the Infringing Mark at the 2025 Golf Carting Expo in Charleston, South Carolina, where Defendants were physically present and taking orders and promoting their goods at this event.

11.     Upon information and belief, Defendants have intentionally committed the acts complained of herein knowing that the harm would be suffered by Plaintiffs in this state and district, specifically that Defendants' infringing conduct would cause Plaintiffs to lose sales in the State of South Carolina.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that Defendant is transacting business in this district, and because a substantial part of the events giving rise to TEXTRON's claims occurred in this judicial district.

## STATEMENT OF FACTS

**A.     E-Z-GO History and Trademark Rights in BUILT RIGHT. RIGHT HERE.**

13.     E-Z-GO is among the most recognized and trusted source of golf cars, utility vehicles and personal transportation vehicles in the United States.

14.     E-Z-GO's long and storied history began in 1954, founded by the Dolan brothers in a one-room shop in Augusta, Georgia, with the goal of manufacturing higher-quality golf cars. Since that time, E-Z-GO has been in the business of engineering, designing, manufacturing, assembling, selling, and distributing golf cars, utility vehicles and personal transportation vehicles and parts therefor.

15.     In 1960, E-Z-GO became part of Textron, a global multi-industry conglomerate headquartered in Providence, Rhode Island, known for its powerful brands, including E-Z-GO, Cessna, Beechcraft, Hawker, Bell Helicopter, Jacobsen and Kautex, among others.

16.     Over the past 65+ years under Textron, E-Z-GO has become a world leader in transportation and a leading global manufacturer of golf cars, utility vehicles and personal transportation vehicles.

17.     From its large-scale production facility located at its headquarters in Augusta, Georgia, E-Z-GO builds tens of thousands of vehicles each year, many of which feature game-changing technology and innovations to improve vehicle efficiency and enhance the user experience.

18.     As South Carolina is known for being a premier golf destination state, TEXTRON sells its golf cars, utility vehicles, and personal transportation vehicles, and related services through a series of ten dealers in South Carolina. Nearly 200 South Carolina golf courses run E-Z-GO fleets.

19.    In or around September 2018, TEXTRON adopted the trademark BUILT RIGHT. RIGHT HERE. ("E-Z-GO Word Mark") for use in connection with its golf cars, utility vehicles and personal transportation vehicles and parts therefor, to highlight E-Z-GO's American-built history. TEXTRON also adopted a design mark that includes the American flag and the words "BUILT RIGHT." stacked over top of "RIGHT HERE." ("E-Z-GO Design Mark"; collectively, the "E-Z-GO Mark"):



20.    TEXTRON has invested substantial time, resources and effort in promoting the E-Z-GO Mark in print and digital advertisements nationwide and placing the mark on each of its vehicles, as shown in the examples below:





21.     The E-Z-GO Mark is inherently distinctive, or at a minimum has acquired distinctiveness in connection with golf cars, utility vehicles and personal transportation vehicles, based on TEXTRON's exclusive use of the mark since 2018.

22.     As a result of TEXTRON's substantial investment and commercial success of products marketed under the Mark, the consuming public has come to associate the E-Z-GO Mark as designating high-quality golf cars and parts that emanate from or are associated exclusively with TEXTRON and its authorized distributors and dealers nationwide. TEXTRON has generated valuable goodwill in the E-Z-GO Mark.

23.     In addition to its common law trademark rights, TEXTRON owns U.S. Federal Trademark Application Ser. No. 99/548,773 for the standard character word mark "BUILT

RIGHT. RIGHT HERE." for use in connection with "[g]asoline and electric-powered land vehicles used as plant personnel carriers, general utility and maintenance cars, motel and resort cars, baggage carriers, golf cars, turf maintenance vehicles, electric-powered and remote-controlled golf trolleys and structural parts therefor" in International Class 12 ("Application"), attached hereto as Exhibit 1.

**B.     Defendant BC Companies' Infringing Use of BUILT RIGHT. BUILT HERE.**

24.     Upon information and belief, Defendant BC Companies first began selling electronic golf cars and personal electric vehicles in or around May 2023.

25.     Upon information and belief, Defendant BC Companies was initially doing business and selling its products under the brand name "ROYAL" or "ROYAL CARTS."

26.      Upon information and belief, Royal Electric Vehicles, LLC filed a trademark infringement lawsuit against Defendant BC Companies on November 9, 2023. Following the filing of that lawsuit, BC Companies began doing business and selling its products under the brand names "CONQUEST CARTS" and "ROXIE CARTS."

27.     During the 2025 Golf Carting Expo held from October 8-11, 2025, in Charleston, South Carolina, where E-Z-GO was an exhibitor, Defendant BC Companies exhibited at its booth a banner containing the slogan: "BUILT RIGHT. BUILT HERE." displayed under an outline of the United States ("Infringing Mark") to advertise its electronic golf cars and personal electric vehicles:



28.     Upon information and belief, Defendant BC Companies had company officers and managers physically present at the 2025 Golf Carting Expo in Charleston and was actively taking orders and promoting its electronic golf cars and personal electric vehicles.

29.     Upon information and belief, around the same time, Defendant BC Companies also added the Infringing Mark to its website at www.conquestcarts.com:



30. On October 9, 2025, TEXTRON hand delivered at the Golf Carting Expo, and sent a copy by FedEx, a letter demanding that Defendant BC Companies immediately cease and desist from using the Infringing Mark that is confusingly similar to the E-Z-GO Mark, including demanding that BC Companies immediately take down all banners and signs portraying the Infringing Mark at the Golf Carting Expo in Charleston ("Cease and Desist Letter"). A true and correct copy of the Cease-and-Desist Letter is attached hereto as Exhibit 2.

31. Upon information and belief, Defendant BC Companies removed the Infringing Mark from its website after TEXTRON sent the Cease-and-Desist Letter.

32. On January 20-23, 2026, Defendant BC Companies attended as an exhibitor at the PGA Show in Orlando, Florida, where again E-Z-GO was again also an exhibitor, and where it was apparent that Defendant had not ceased, but rather expanded its use of the Infringing Mark— displaying the same banner with the Infringing Mark, handing out brochures containing the

Infringing Mark, and even emblazoning the Infringing Mark on a tractor trailer—all of which was advertised and displayed on Defendant BC Companies' social media pages:







33.     As of filing this Complaint, Defendant BC Companies also displays the Infringing

Mark on the homepage of its website promoting the sales of its golf cars, as shown below:



34.     Defendant BC Companies' Infringing Mark "BUILT RIGHT. BUILT HERE." is confusingly similar, if not nearly identical to TEXTRON's E-Z-GO Mark, "BUILT RIGHT. RIGHT HERE." Both are short, two-sentence slogans with identical first sentences ("BUILT RIGHT.") and the second sentence repeating one word from the first sentence. The text of the Infringing Mark is identical in cadence, structure, and meaning. Moreover, where TEXTRON uses its Mark in connection with the American flag, Defendant uses its Infringing Mark in connection with an outline of America, conveying the same commercial impression regarding quality American-build and domestic manufacturing or assembly.

**TEXTRON MARK:**          **INFRINGING MARK:**

     

35.     Defendant BC Companies is using its Infringing Mark in connection with goods identical to TEXTRON's goods, namely golf cars, utility vehicles and personal transportation vehicles.

36.     Defendant BC Companies is advertising its same goods using the Infringing Mark through the same channels of trade as TEXTRON, including at two of the very same trade shows attended by TEXTRON within a matter of months, and online through websites and social media. The parties are also targeting the same consumers, including golf courses, fleets, dealers, distributors, and individual consumers of golf cars and personal transportation vehicles, nationwide.

37.     Defendant BC Companies' unauthorized marketing, promotion, and sale of its goods using the Infringing Mark is likely to cause consumers to be confused or deceived or mistakenly believe that Defendant's infringing goods are sponsored, endorsed, authorized by, or in some other manner affiliated with TEXTRON or E-Z-GO, when they are not.

38.     The likelihood of mistake, confusion, and deception caused by Defendant BC Companies' unauthorized use of the E-Z-GO Mark has caused and will cause in the future

14

irreparable harm to the goodwill symbolized by the E-Z-GO Mark, the Application, and the reputation the E-Z-GO Mark embodies.

39.     Upon information and belief, Defendant BC Companies adopted and used the Infringing Mark with knowledge of E-Z-GO, E-Z-GO's products, and the E-Z-GO Mark, or with willful blindness to Plaintiffs' prior rights. Defendant's continued, and expanded, use despite notice of Plaintiffs' rights demonstrates willfulness and conscious disregard of TEXTRON's rights.

40.     Upon information and belief, Defendant BC Companies' actions have been and continue to be intentional, willful, malicious, and in complete disregard of TEXTRON's rights.

41.     Defendant BC Companies' unlawful conduct has caused and will continue to cause irreparable harm to TEXTRON for which TEXTRON has no adequate remedy at law to redress these injuries.

### COUNT I – Federal False Designation of Origin and Unfair Competition
### (15 U.S.C. § 1125(a))

42.     Paragraphs 1-41 are incorporated herein by reference as though set forth in their entirety.

43.     Plaintiffs own protectable rights in the E-Z-GO Mark ("BUILT RIGHT. RIGHT HERE.") through prior and continuous use in commerce since at least September 2018 in connection with golf cars, utility vehicles, and personal transportation vehicles.

44.     Defendant, in connection with the same goods, has used a word, term, name, symbol, or device, or combination thereof—namely, the Infringing Mark ("BUILT RIGHT. BUILT HERE.")—which is confusingly similar to Plaintiffs' E-Z-GO Mark ("BUILT RIGHT. RIGHT HERE.") and which constitutes a false designation of origin, false or misleading description, or representation of fact, likely to cause confusion or mistake or to deceive as to the

15

affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Plaintiffs, in violation of 15 U.S.C. § 1125(a)(1)(A).

45.    Defendant has, by virtue of its above-described acts, infringed upon Plaintiffs' rights and competed unfairly with Plaintiffs by falsely designating Defendant's goods as originating with Plaintiffs or otherwise authorized, approved, or sponsored by Plaintiffs in violation of 15 U.S.C. § 1125.

46.    Defendant had actual knowledge that the E-Z-GO Mark is owned by Plaintiffs and, without the consent of Plaintiffs, knowingly and deliberately used in commerce and continues to use the Infringing Mark in commerce in connection with the sale of identical goods, which is likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

47.    Defendant's use of the Infringing Mark creates consumer confusion in the marketplace by falsely creating the impression that a connection exists between Defendant and TEXTRON, E-Z-GO, or the E-Z-GO Mark, or that Defendant's products are sponsored, approved, or endorsed by TEXTRON and/or E-Z-GO.

48.    Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Plaintiffs and Defendant, or as to the origin, sponsorship, or approval of the services or commercial activities of Defendant by Plaintiffs.

49.     Defendant's conduct has proximately caused and continues to cause damage to Plaintiffs, including harm to reputation and goodwill, diversion of sales, loss of control over Plaintiffs' brand, and diminished distinctiveness of the E-Z-GO Mark.

50.     Upon information and belief, Defendant has intentionally, knowingly, and willfully adopted, used, and continues to use the Infringing Mark in commerce to cause consumer confusion, mistake, and/or deception.

51.     Defendant's above-described acts have been committed, and are continuing to be committed, with the knowledge that its use of the Infringing Mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

52.     Defendant's above-described acts have caused irreparable injury to Plaintiffs and will continue to cause irreparable injury to Plaintiffs if Defendant is not restrained by this Court from further violating Plaintiffs' rights and competing unfairly with Plaintiffs due to the confusion, mistake, or deception that will likely be generated among the trade and the public.  Plaintiffs have no adequate remedy at law.

53.     As a result of the above-described intentional, deliberate, and willful infringement false designation of origin and unfair competition by Defendant, Plaintiffs are entitled to an injunction, an award of Defendant's profits, up to three (3) times any damages sustained by Plaintiffs, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

## COUNT II – South Carolina Common Law Trademark Infringement

54.     Paragraphs 1-53 are incorporated herein by reference as though set forth in their entirety.

55.     Plaintiffs own common law trademark rights in the E-Z-GO Mark ("BUILT RIGHT. RIGHT HERE.") by virtue of their prior, continuous, and exclusive use of the E-Z-GO Mark in commerce throughout the United States in connection with golf cars, utility vehicles, and personal transportation vehicles.

56.     Defendant's unauthorized use in commerce of the Infringing Mark ("BUILT RIGHT. BUILT HERE.") in connection with the same goods is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendant's goods, constitutes common law trademark infringement.

57.     Defendant's conduct has proximately caused and continues to cause damage to Plaintiffs, including harm to reputation and goodwill, diversion of sales, loss of control over Plaintiffs' brand, and diminished distinctiveness of the E-Z-GO Mark.

58.     As a result of the above-described intentional, deliberate, and willful common law trademark infringement by Defendant, Plaintiffs are entitled to injunctive relief, recovery of any damages sustained by Plaintiffs, disgorgement of Defendant's profits, and where permitted, punitive damages for willful misconduct together with costs of this action, and attorneys' fees, as allowed pursuant to the common law of South Carolina.

## COUNT III – South Carolina Common Law Unfair Competition

59.     Paragraphs 1-58 are incorporated herein by reference as though set forth in their entirety.

60.     The activities of Defendant as described in this Complaint are unfair acts that have proximately caused and continue to cause damage to Plaintiffs' legitimate business activities. Therefore, those activities of Defendant constitute unfair competition in the State of South Carolina pursuant to the common law of South Carolina.

61.     As a result of the above-described intentional, deliberate, and willful common law unfair competition by Defendant, Plaintiffs are entitled to injunctive relief, recovery of any damages sustained by Plaintiffs, disgorgement of Defendant's profits, and where permitted, punitive damages for willful misconduct together with costs of this action, and attorneys' fees, as allowed pursuant to the common law of South Carolina.

### COUNT IV – South Carolina Unfair Trade Practices
**(S.C. Code § 39-5-10, *et seq*.)**

62.     Paragraphs 1-61 are incorporated herein by reference as though set forth in their entirety.

63.     There is invaluable goodwill developed in Plaintiffs' E-Z-GO Mark, and Plaintiffs have expended considerable time and money advertising, promoting, and enforcing the E-Z-GO Mark in connection with its goods and services.

64.     Defendant's infringement and false designation of origin associated with Plaintiffs' E-Z-GO Mark is likely and intended to cause consumers, including consumers in South Carolina, to be confused, mistaken or deceived as to the affiliation, connection or association of Defendant with Plaintiffs and/or the E-Z-GO Mark, or as to the origin, sponsorship or approval of Defendant's goods by Plaintiffs, in violation of S.C. Code § 39-5-10, *et seq*.

65.     The activities of Defendant as described in the foregoing paragraphs, and in each claim for relief asserted in this Complaint, constitute unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of trade or commerce in South Carolina and have proximately caused and are proximately causing injury to Plaintiffs in South Carolina. Thus, these activities violate the South Carolina statutory prohibition of unfair and deceptive trade practices. S.C. Code § 39-5-10, *et seq*.

66.    The activities of Defendant as described in the foregoing paragraphs, and in each claim for relief asserted in this Complaint, have created an adverse impact on the public interest and substantial injury to consumers by, *inter alia*, diverting customers from Plaintiffs to Defendant, damaging Plaintiffs' reputation and goodwill, diverting revenue from Plaintiffs, and confusing members of the public as to an affiliation between Plaintiffs and Defendant.

67.    Upon information and belief, Defendant has realized unjust profits, gains and advantages as a proximate result of its infringing and unfair commercial conduct.

68.    By reason of the foregoing, Plaintiffs are entitled to recover from Defendant treble damages and reasonable attorneys' fees, pursuant to S.C. Code § 39-5-140.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Textron Inc., Textron Innovations Inc., and E-Z-GO LLC respectfully pray for judgment in their favor and against Defendant BC Companies, LLC d/b/a Conquest Carts as follows:

A.    Judgment in Plaintiffs' favor and against Defendant on all counts;

B.    An order under 15 U.S.C. § 1116 and/or other applicable law preliminarily and permanently enjoining Defendant, including its officers, agents, servants, employees, attorneys, successors, assigns, and all those in privity or acting in concert or participation with Defendant, from the following acts:

1) from using any trademark, service mark, logo, trade name, domain name, slogan, or designation confusingly similar to the E-Z-GO Mark ("BUILT RIGHT. BUILT HERE.") owned by Plaintiffs in connection with the advertising, promotion, offering for sale, or sale of golf cars, utility vehicles, personal transportation vehicles, parts therefor or related goods or services;

2) from otherwise infringing Plaintiffs' trademark rights;

3) from making any statement or representation that falsely designates or describes Defendant as authorized, certified, or sponsored by, or associated with, Plaintiffs or that is likely to confuse consumers as to the source, affiliation, or sponsorship of such goods or services;

4) from otherwise competing unfairly with Plaintiffs; and

5) from causing injury to the business reputation of Plaintiffs.

C.     An order under 15 U.S.C. § 1116 and/or other applicable law preliminarily and permanently directing Defendant, including its officers, agents, servants, employees, attorneys, successors, assigns, and all those in privity or acting in concert or participation with Defendant, to perform the following remedial measures:

1) removing from any and all websites, retail platforms, and social media used to advertise and sell Defendant's products all uses of the Infringing Mark, including as described in the Complaint;

2) under 15 U.S.C. § 1118 and/or other applicable law, destroying all physical advertisements, signage, packaging, labels, stickers, promotional materials bearing the Infringing Mark, and certifying to Plaintiffs that such destruction has occurred, including the manner of their destruction; and

3) within thirty (30) days, providing to Plaintiffs a sworn statement as to how it has complied with the Court's orders;

D.     An award of damages under 15 U.S.C. § 1117, and/or other applicable law, to Plaintiffs against Defendant resulting from its violation of Section 43(a) of the

Lanham Act (15 U.S.C. § 1125(a)), for federal unfair competition and false designation of origin in an amount to be fixed by the Court, which in its discretion it finds just, including, without limitation:

1) Disgorgement of all profits received by Defendant from sales and revenues of any kind as a result of the actions complained of in this Complaint; and

2) all damages sustained by Plaintiffs as a result of Defendant's acts of false designation of origin and unfair competition, including damages resulting from losses sustained by Plaintiffs and the equivalent of a reasonable royalty, and any other damages sufficient to compensate Plaintiffs for Defendant's false designation of origin unfair and competition;

E.    That, because of the deliberate and willful actions of Defendant, this action be designated an exceptional case, thereby entitling Plaintiffs to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Plaintiffs as a result of this action, pursuant to 15 U.S.C. § 1117 and/or other applicable law, and that Plaintiffs be awarded such relief;

F.    An award pursuant to 15 U.S.C. § 1117 and/or other applicable law of costs and pre- and post-judgment interest on Plaintiffs' compensatory damages;

G.    That Plaintiffs be awarded judgment for damages resulting from Defendant's common law trademark infringement;

H.    That Plaintiffs be awarded judgment for damages resulting from Defendant's common law unfair competition;

I.    That Plaintiffs be awarded punitive damages for Defendant's willful or reckless infringement of Plaintiffs' trademark rights and/or unfair competition;

J. That Plaintiffs be awarded judgment for damages as a result of Defendant's unfair and deceptive trade practices and that those damages be trebled pursuant to S.C. Code § 39-5-140 and that Plaintiffs be awarded its reasonable attorneys' fees pursuant to S.C. Code § 39-5-140;

K. That this Court award any and all relief not here enumerated that this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, by and through its undersigned attorneys, hereby demands trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Plaintiffs reserve the right, upon further investigation and discovery, to assert such claims against Defendant and other responsible parties as may be just and appropriate under the circumstances.

Dated this the 12th day of February, 2026.

Respectfully submitted,

*/s/ Samuel Alexander Long, Jr.*
Samuel Alexander Long, Jr.
(S.C. Fed. Court ID #13446)
Christina Davidson Trimmer
*pro hac vice forthcoming*
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon St., Suite 2200
Charlotte, North Carolina 28280-0002
(704) 375-0057 – Telephone
(704) 332-1197 – Facsimile
Email: along@shumaker.com
   ctrimmer@shumaker.com

*Attorneys for Plaintiffs Textron, Inc., Textron Innovations, Inc., and E-Z-GO LLC*

23